**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KRISTINA ENNIS,**<br><br>Plaintiff,<br><br>v.<br><br>**BARCELONA RESTAURANTS, LLC d/b/a BARCELONA WINE BAR,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. **26-1257** |

**MEMORANDUM OPINION**

Pending before the court are: (1) a motion for default judgment (ECF No. 8) filed by Plaintiff Kristina Ennis ("Ennis"); and (2) a Petition to Open Default (ECF No. 9) filed by defendant Barcelona Restaurants, LLC ("Barcelona"). The court held a telephone conference on September 15, 2026, and directed Barcelona to file an affidavit with facts to show a meritorious defense (Minute Entry, ECF No. 22). The evidentiary hearing was continued until October 7, 2026.

Upon review of the Affidavit submitted by Barcelona (ECF No. 25) and Ennis' response (ECF No. 26), the court concludes that no hearing is necessary; the motion to open default will be granted; the motion for default judgment will be denied as moot; and the October 7, 2026 hearing will be cancelled.

Defaults are disfavored. The Third Circuit Court of Appeals advises that "in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese*

*v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982)).

Federal Rule of Civil Procedure 55(c) permits an entry of default to be set aside if good cause is shown. Fed. R. Civ. P 55(c).[1] This "determination is made in the sound discretion of the district court." *Dizzley v. Friends Rehab. Prog., Inc.,* 202 F.R.D. 146, 147 (E.D. Pa. 2001) (citing *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194-95 (3d Cir. 1984)). The district court is required "to consider the following factors in exercising its discretion when granting or denying a motion to set aside a default under rule 55(c) . . . (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *$55,518.05 in U.S. Currency,* 728 F.2d at 195.

The standard to show "a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Id.* (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951)).

Plaintiff's primary argument is that Barcelona failed to articulate a meritorious defense because it submitted an affidavit based on hearsay that would not be admissible at trial (ECF No. 26). Ennis did not cite any authority for this proposition and the court did not locate any support in its independent research. To the contrary, a defendant is required to present merely a facially meritorious defense. "The defendant is not required to prove beyond the shadow of doubt that it will win at trial, but merely to show that it has a defense to the action which at least has merit **on its face**." *Accu-Weather, Inc. v. Reuters Ltd.,* 779 F. Supp 801, 803 (M.D. Pa. 1991) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (emphasis added).

1 The parties acknowledged and agreed that since only an entry of default was entered, Rule 55(c) controls. There was no entry of default judgment, which would cause Rule 60(b) to control.

Ennis will suffer little or no prejudice if default is reopened. There has been minimal delay, except that involved in Ennis' opposition to reopening the default. Ennis moved for a "snap" default the day after Barcelona's answer was due. Barcelona articulated a facially meritorious defense – it contends that Ennis was terminated for a legitimate reason, i.e., rude conduct toward customers after receiving a prior disciplinary "final warning." (ECF No. 25). Both parties will have an opportunity to undertake discovery at an appropriate time to support their respective contentions. The court recognizes that Barcelona failed to file a timely answer, but accepts its explanation that it was not represented by an attorney until its present attorney was engaged on July 9, 2026. Upon weighing these factors, the court will exercise its discretion to reopen the default so that this case may be decided on its merits.

An appropriate order will be entered.

October 1, 2026

BY THE COURT

s/ Joy Flowers Conti
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE